### BOYD *v.* CHRYSLER CORPORATION

1. WORKMEN'S COMPENSATION — TERMINATION OF EMPLOYMENT — NOTICE.

    Actual or constructive notice to an employee that he has been fired, in the absence of a contractual agreement to the contrary, is required to terminate the employer-employee relationship before the occurrence of an accident which is the subject of a workmen's compensation claim.

2. WORKMEN'S COMPENSATION—QUESTIONS OF FACT—FINDINGS OF FACT—APPEAL AND ERROR.

    Questions in a workmen's compensation case whether the plaintiff suffered any injury, whether he suffered the injury before the employer-employee relationship was terminated, and what the cause of the injury was are questions of fact, and findings on them by the Workmen's Compensation Appeal Board are conclusive upon review in the absence of fraud (MCLA § 418.861).

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  58 Am Jur, Workmen's Compensation §§ 131, 230.
[2]  58 Am Jur, Workmen's Compensation § 461.

Appeal from the Workmen's Compensation Appeal Board. Submitted Division 1 April 6, 1971, at Detroit. (Docket No. 10241.) Decided May 20, 1971. Leave to appeal denied August 3, 1971. 385 Mich 774.

Elmer Boyd presented his claim for workmen's compensation against Chrysler Corporation. Compensation awarded. Defendant appeals by leave granted. Affirmed.

*Kelman, Loria, Downing & Schneider* (by *John W. Simpson, Jr.*), for plaintiff.

*Lacey & Jones* (by *F. L. Sylvester*), for defendant.

Before: LESINSKI, C. J., and V. J. BRENNAN and DANHOF, JJ.

DANHOF, J. This is a workmen's compensation case. The plaintiff had been employed by the defendant since 1943. In March of 1968 the plaintiff complained that smoke and dust in the plant adversely affected him. In April of 1968 the company gave him an outside job.

The company became dissatisfied with the plaintiff's performance and his supervisor gave him a verbal reprimand. Later the plaintiff was laid off for two days as a disciplinary measure because of unsatisfactory performance on the job.

On April 25, 1968, the plaintiff's supervisor had a discharge notice prepared and instructed plaintiff's foreman to send the plaintiff to his office. For some reason not explained in the record the plaintiff did not go to the supervisor's office; instead the chief union steward appeared. A copy of the discharge

notice was given to the steward at that time. When plaintiff reported to work the next morning he did not find his time card on the rack, and he was told by a union representative to report to a meeting with the general foreman.

The plaintiff and two representatives of the union were present at the meeting in the supervisor's office. The union representatives asked to speak to another company official. While they were waiting for the official to arrive the plaintiff leaned back in his chair and fell over backwards. The plaintiff testified that one of the wheels on which the chair rested fell out and this was the cause of the fall.

The plaintiff testified that he suffered pain, dizziness, and nosebleeds. Plaintiff's doctor testified that his disability was related to the fall.

The referee and a majority of the appeal board held that the plaintiff had suffered a compensable injury, and the defendant has appealed to this Court on leave granted.

On appeal the defendant raises two contentions. First, that the injury did not arise out of and in the course of the defendant's employment because he had been fired the day before the accident. Second, that if the plaintiff did suffer an injury it was caused by a psychological reaction to his dismissal, and therefore did not arise out of and in the course of his employment.

The question of whether an injury arises out of and in the course of employment is factual. *Herman* v. *Theis* (1968), 10 Mich App 684. Findings of fact by the appeal board are conclusive in the absence of fraud. MCLA § 418.861 [Stat Ann 1971 Cum Supp § 17.237(861)]. Keeping in mind these two basic principles we turn to an evaluation of the issues raised by the defendant.

The appeal board found that at the time of the injury the plaintiff did not have either actual or constructive notice that he had been fired. This is a finding of fact and while we might find otherwise were we the trier of fact, we are bound by the board's decision.

The question of whether notice is necessary to terminate employment is a legal question. We believe that the board correctly held that notice was necessary. We note that a contractual agreement such as a collective bargaining agreement might control the question of when the employment was terminated. However, the agreement between the defendant and the plaintiff's union has not been made a part of the record. On the facts of this case we hold that there could be no termination of employment until the plaintiff was notified.

The resolution of the second issue raised by the defendant is within the province of the appeal board and we cannot disturb the board's findings. The record contains testimony that indicates that the plaintiff suffered an injury and that it was caused by the fall. The record also contains testimony that indicates that whatever injury was suffered was not caused by the fall. The resolution of this controversy is for the appeal board and we are bound by their finding.

Affirmed, costs to the plaintiff.

All concurred.