**Elmer BOYD, Plaintiff,**

v.

**Douglas FRASER et al., Defendants.**
**Civ. A. No. 4–71651.**

United States District Court,
E. D. Michigan, S. D.

Sept. 23, 1974.

M. Jay Whitman, Detroit, Mich., for plaintiff.

A. William Rolf, Detroit, Mich., for Chrysler Corp.

John F. Chambers, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

PHILIP PRATT, District Judge.

Plaintiff, a former employee of Chrysler Corporation, brings this suit against the individual members of the Pension Board of Administration, claiming that the denial of his disability pension application was wrongful.

On April 25, 1968, the plaintiff was discharged by Chrysler Corporation for alleged unsatisfactory performance of his job. On April 26, 1968, while on Chrysler premises for the purpose of attempting to set aside the discharge, he fell from a chair and suffered the injuries he claims were disabling and qualify him for a disability pension.

A grievance was filed by plaintiff's union (U.A.W.) and processed through arbitration with the result that the discharge was affirmed with the effective date of April 25, 1968.

Plaintiff also pursued other remedies, i. e., a complaint to the N.L.R.B., a complaint to the Michigan Civil Rights Commission and a claim under the Michigan Workmen's Compensation Act. In the latter case, the plaintiff was successful in that the injuries claimed by the plaintiff in this suit to qualify him for a disability pension were found to have occurred in the "course of his employment" for workmen's compensation purposes and an award was affirmed. Boyd v. Chrysler Corp., 33 Mich.App. 650, 190 N.W.2d 272 (1971).

On December 22, 1969, plaintiff filed his application for a disability pension, which application was denied by the Pension Board of Administration on February 25, 1970. Thereafter, on April 22, 1974, plaintiff instituted this action in the state court and that action was removed here under 28 U.S.C. § 1441.

The Pension Board of Administration is provided for in the Chrysler U.A.W. Collective Bargaining Agreement to supervise the operation of the negotiated pension plan. The Board is required to be composed of three members of management, three members of the union and one impartial member to be selected by the Board members to resolve tie votes. (Section 18A and 18B).

Although the defendants base their motions on several grounds, the threshold issue is whether this Court has the authority to review the action of the Pension Board of Administration in denying the application of plaintiff for disability pension benefits.

■ Both policy and precedent dictate that courts should decline to review the merits of arbitration awards under a collective bargaining agreement. Thus, Section 203(d) of the LMRA, 29 U.S.C. § 173(d), declares:

"Final adjustment by a method agreed upon by the parties is declared to be the desirable method for [settling] disputes . . ."

In addition, the Supreme Court has firmly indicated its adherence to such a principle. In United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed. 2d 1424 (1960), it held that questions of contract interpretation are not proper subjects for adjudication. In cases involving disputes between parties "as to the meaning, interpretation, and application" of a bargaining agreement,

> "The function of the court is . . . confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation . . . the courts . . . have no business weighing the merits of the grievance." United Steelworkers of America v. American Mfg. Co., 363 U.S. 564 at 568, 80 S.Ct. 1343 at 1346, 4 L.Ed.2d 1403 (1960)).

United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); Whitmore v. Eastern Greyhound Lines, 83 LRRM 2979 (E.D.Mich. 1973) in accord. The dispute in the instant case is one clearly involving interpretation of the pension agreement. Thus, the merits of plaintiff's claim cannot be determined by the Court if the pension agreement is subject to arbitration.

In deciding that question, it is instructive to refer to the description of arbitration furnished in CCH Labor Reporter, Arbitration, ¶ 57001 et seq.:

Arbitration is, "third party settlement of differences that have arisen under an existing union contract" (¶ 57002). It is a non-legal procedure whereby a neutral third party, acting pursuant to authorization from both sides issues an award which is final (¶ 57002). Frequently, there is a tripartite board consisting of at least one member from each side and an "impartial chairman" (Id.). The typical arbitration clause usually combines the designation of an impartial chairman, tenure, appeal procedures, and jurisdiction of arbitration (¶ 57025). The disputed pension agreement meets these tests. Section 18(A) establishes a board; 18(B) designates an impartial chairman; 18(C) delineates the scope of the board; 18(J) makes its order binding.

The determinative element in this pension agreement is the tripartite board with impartial chairman. Thus, in Smith v. Union Carbide Corp., 350 F.2d 258 (6th Cir. 1965), the court held that a pension board consisting of three doctors, one chosen by union, one by employer, and one independently, constituted an agreement to arbitrate despite the fact that finality was lacking:

> "In our opinion, the parties contemplated and provided for an arbitration procedures for the settlement of disputes." (at 260).

Similarly, in Whitmore, supra, the court found a tripartite form to be determinative; and in Hammill v. Stubnitz Spring Division, 73 LC ¶ 14385 (E.D.Pa.1973), language in a pension agreement nearly identical to that in Section 18 supported the court's finding that:

> "In view of the provisions of the Board to appoint an impartial chairman, who has the right to vote . . . the plan essentially requires all parties to submit to binding arbitration." (at 29237).

See also UAW–AFL–CIO v. Defiance Industries, Inc., 53 LC ¶ 246 (N.D.Ohio 1966).

The case of Matthews v. Swift and Co., 465 F.2d 814 (5th Cir. 1972) is of compelling interest and applicability. In that case the Court said at page 821:

> "[b]efore the Judge's discretion can be substituted for that of the Pension Board under the Plan, Matthews has the burden of providing such a clear case of permanent disability that no honest tribunal could reach any other decision and the burden of proving that any other decision is or would be arbitrary, fraudulent or in bad faith."

In accord, Ruth v. Lewis, 166 F.Supp. 346 (D.C.D.1958), Menke v. Thompson, 140 F.2d 786 (8th Cir. 1944).

It necessarily follows therefrom that plaintiff must allege and show that the acts of the Pension Board were either arbitrary, fraudulent or in bad faith.

The plaintiff asserts that the Pension Board has "wrongfully refused" to pay him the benefits that are allegedly his due. (Complaint, p. 7). The error which the Board allegedly made was in denying that Mr. Boyd was entitled to pension benefits. The sole arbitrary act of the defendant which has been asserted by the plaintiff is that "defendant's additional requirement, a requirement not to be found in the Pension Plan, that plaintiff must have been an employee at the time of the application for benefits, was arbitrary on the defendant's part, and could not have been intended." (Plaintiff's Supplemental Brief, p. 2).

The weakness of the plaintiff's assertions is made even more apparent when one realiizes that:

> "The burden of sharing such fraud, bad faith, or mistake was upon the appellant here, and, to sustain such a showing, the evidence, 'must be more than a mere preponderance, it must be overwhelming.' Road Improvement Dist. No. 5 of Crittenden County, Ark. v. Roach 18 F.2d [755 (8th Cir. 1927)] at page 760." Menke v. Thompson, *supra* at 791.

In short, the action of the Board does not appear to be arbitrary, as a matter of law. Accordingly, the plaintiff has failed to adequately plead or even assert that the Board's actions were arbitrary, capricious, fraudulent or in bad faith. It, therefore, follows that the plaintiff is bound by the actions of the Pension Board, that there exists no genuine issue of material fact, and finally, that the defendants are entitled to summary judgment as a matter of law as provided for under Rule 56, F.R.C.P.

It is so ordered.