**Nelson DI BLASI**

v.

**George P. BAKER et al., Trustees, Penn Central Transportation Company.**

**Civ. A. No. 74–719–C.**

United States District Court, D. Massachusetts.

Dec. 2, 1975.

David A. Kahalas, Boston, Mass., for plaintiff.

Richard J. Ferriter, Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought by a former employee of the Penn Central Transportation Company against the trustees of the property of the Penn Central Transportation Company, pursuant to the provisions of 45 U.S.C.A. § 153. Plaintiff seeks an order of this Court reversing the decision of a Public Law Board which upheld his discharge by the Railroad, reinstatement, and back salary from the date of his discharge to the date of reinstatement.

The matter came before the Court on the basis of defendants' motion to dismiss or for summary judgment. It was brifed and argued by counsel, and after hearing I rule as follows:

The thrust of plaintiff's complaint is in the nature of a petition for review of an award by a Public Law Board established pursuant to 45 U.S.C.A. § 153 Second. That section provides: "Such awards shall be final and binding upon both parties to the dispute . . . ."

It appears, without dispute, that plaintiff was a car inspector for defendant on February 12, 1971; that he was accused of unlawfully breaking and entering into a railroad freight car and removing a case of butter therefrom at the Boston Freight Terminal on January 22, 1971; that criminal charges were brought against him in the courts of the Commonwealth; that about February 12, 1971 a company trial of plaintiff for this offense was scheduled; that plaintiff declined to appear at the company trial on February 12; that he was found guilty in absentia and was dismissed from his job; and that no timely appeal from the adverse decision was taken by plaintiff or by his Union representative on his behalf. On December 20, 1971, plaintiff was found not guilty of the charges against him in the criminal case in Suffolk Superior Court. On December 27, 1971 plaintiff wrote a letter to the Superintendent-Labor Relations of the company which purported to take an appeal from the adverse decision handed down in the company trial. This attempted appeal was denied in a letter from the Director-Labor Relations dated May 26, 1972. This denial was reviewed by Public Law Board #1178 which upheld the denial on November 30, 1973.

Although nowhere alleged in the complaint, plaintiff claims in his brief that the foregoing amounts to a denial of his rights to procedural due process under the Fifth Amendment.

■ 45 U.S.C.A. § 153 Second provides in substance that the scope of review in this Court of decisions by a Public Law Board is the same as the scope of review of the decisions of the National Railway Adjustment Board. 45 U.S.C.A. § 153 First (q) defines that scope of review as follows:

" . . . On such review the findings and order of the division shall be conclusive on the parties, except that the order of the division may be set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this chapter, for failure of the order to conform, or confine itself, to the matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order."

■ Plaintiff has failed to allege any of the statutory grounds for setting aside the order of the division. Plaintiff essentially is asking this Court to reverse the decision of the Public Law Board on the merits and to give him the affirmative relief of reinstatement and money damages. It should be noted that the Public Law Board did not reach the merits of plaintiff's complaint because of his failure to comply with the procedural requirement of taking an appeal to the Superintendent-Labor Relations of the company within ten days of the adverse decision. The Board was of opinion that it lacked jurisdiction to consider the matter on the merits. The fact that the Board's decision was based on procedural, rather than substantive, grounds does not undercut its validity. See *Barrett v. Manufacturers Railway Company*, 453 F.2d 1305, 1307 (8 Cir. 1972).

That the scope of review of decisions of the Public Law Board should be just as limited as decisions of the Adjustment Board appears from the legislative history of the 1966 Amendment to 45 U.S.C.A. § 153. See 1966 U.S.Code Cong. and Adm.News, pp. 2285, 2289. By way of analogy, this legislation is intended to limit district court review to questions involved in reviewing decisions in the field of arbitration, i. e., whether the statutory requirements were complied with, whether the tribunal had

jurisdiction of the subject, and whether there was fraud or corruption on the part of a tribunal member. Endorsement for this analogy appears in the opinion of the Supreme Court in *Gunther v. San Diego A.E.R. Co.*, 382 U.S. 257, 86 S.Ct. 368, 15 L.Ed.2d 308 (1965), where the Court upheld an award of an Adjustment Board because it found the Board's decision was not "wholly baseless and completely without reason." Id. at 261, 86 S.Ct. at 371.

█ Plaintiff has cited no cases supportive of his contention that his very belated attempt to inject a Fifth Amendment argument should be validated by this Court. He has cited no authority indicating that a company hearing comes within the purview of the Fifth Amendment to the United States Constitution. See *McDonald v. Penn Central Transportation*, 337 F.Supp. 803, 806 (D.Mass. 1972), where Judge Campbell ruled "The Court will review a Board award on a claim of denial of due process only if due process was denied '*by some conduct of the . . . Board.*' " In effect, Judge Campbell ruled that the Court would not apply a Fifth Amendment yardstick to private action of the Company, which basically is at the root of plaintiff's complaint herein. For other decisions to the same effect see *Edwards v. St. Louis-San Francisco Railroad Co.*, 361 F.2d 946, 953 (7 Cir. 1966); *D'Elia v. New York, N. H. & H. R. R.*, 230 F. Supp. 912 (D.Conn.1964), aff'd. 338 F. 2d 701 (2 Cir. 1964), *cert. denied* 380 U.S. 978, 85 S.Ct. 1340, 14 L.Ed.2d 272 (1965).

Accordingly, having in mind the extremely limited sope of review under 45 U.S.C.A. § 153, I rule that the motion to dismiss should be allowed. See *Union Pacific R. Co. v. Price*, 360 U.S. 601, 79 S.Ct. 1351, 3 L.Ed.2d 1460 (1959).

Order accordingly.