**Herbert D. YATES, Plaintiff,**

v.

**YELLOW FREIGHT SYSTEM et al., Defendants.**

**Civ. No. C–1–79–454.**

United States District Court, S. D. Ohio, W. D.

Oct. 7, 1980.

Paul H. Tobias, Cincinnati, Ohio, for plaintiff.

Mark A. Greenberger, Cincinnati, Ohio, for Teamsters Local 100.

Robert J. Hollingsworth, Cincinnati, Ohio, for Yellow Freight System.

## ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court upon motion for summary judgment by defendants International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America; [International Union] Yellow Freight System [Yellow Freight]; and Ohio Joint State Committee, and individual members thereof [Joint Committee]; pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The facts that gave rise to this dispute are as follows: Plaintiff developed a medical disability which prevented him from performing his regular job as a city driver, however he felt he could effectively function as a road driver. Plaintiff applied for a transfer to the position of road driver on the road seniority board. Defendant, Yellow Freight refused to permit plaintiff to become a road driver. Plaintiff filed a grievance with the Union protesting Yellow Freight's refusal to transfer him; a hearing was held before the Ohio Joint State Committee; and a decision was rendered against plaintiff.

Plaintiff now brings this action and alleges that defendant Yellow Freight violated its labor agreement in refusing to permit the transfer, that defendant's Local 100 and International Brotherhood of Teamsters failed to adequately represent him before the Joint State Committee, and that the Ohio Joint State Committee was biased and prejudiced against him.

Jurisdiction of this Court is invoked pursuant to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a) and 28 U.S.C.A. § 1331 and § 1337.

■ Rule 56(c) permits the Court to grant summary judgment when there is no genuine issue of material fact and when the moving party is entitled to judgment as a matter of law. *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 64 St.Ct. 724, 88 L.Ed. 967 (1944); *Tee–Pak, Inc. v. St. Regis Paper Co.*, 491 F.2d 1193, 1195 (6th Cir. 1974). In deciding a motion for summary judgment, the movant has the burden of showing conclusively that there exists no genuine issue as to any material fact and the evidence together with all inferences to be drawn therefrom must be read in a light most favorable to the party opposing the motion. *Smith, et al. v. Hudson, et al.*, 600 F.2d 60 at 63 (6th Cir. 1979); citing *Adickes v. Kress Co.*, 398 U.S. 144, 157, 158–159, 90 S.Ct. 1598, 1608–1609, 26 L.Ed.2d 142 (1970); *United States v. Diebold*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (per curiam); *United States v. Articles of Device*, 527 F.2d 1008, 1011 (6th Cir. 1976); *Ott v. Midland–Ross Corp.*, 600 F.2d 24 (6th Cir. 1979).

### I.

### THE STANDARD FOR JUDICIAL REVIEW

■ The courts favor arbitration as a means of promoting harmony in the relations between labor and management and of peacefully settling labor disputes. *United Steelworkers of America v. American Mfg. Co.*, 363 U.S. 564, 566–567, 80 S.Ct. 1343, 1345–1346, 4 L.Ed.2d 1403 (1960); *United Steelworkers of America v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 578, 80 S.Ct. 1347, 1350, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. Enterprise Wheel & Gas Corp.*, 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424 (1960); *Smith v. Union Carbide Corporation*, 350 F.2d 258 (6th Cir. 1965). The Supreme Court of the United States in *Steelworkers Trilogy* announced a very limited role for the courts in actions reviewing arbitration awards. The parties having bargained for the decision of the arbitrator on the merits, and the arbitrator having expertise concerning plant practices, courts may not set aside an arbitral award merely because they disagree with the arbitrator on the merits. *See*, R. Gorman, *Text on Labor Law* 585 (1976). As the Supreme Court said in *United Steelworkers of America v. American Mfg. Co.*, 363 U.S. 564, at 567, 80 S.Ct. 1343, at 1346:

The function of the court is very limited when the parties have agreed to submit

all questions of contract interpretation to the arbitrator. It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator. In these circumstances the moving party should not be deprived of the arbitrator's judgment, when it was his judgment and all that it connotes that was bargained for.

The courts, therefore, have no business weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim.

■ However, "[A]n arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse endorsement of the award." *United Steelworkers v. Enterprise Wheel Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960).

■ Courts will set aside awards in which there is a procedural impropriety which denies a party fundamental fairness. A clear instance in which the court will vacate an arbitral award is when the arbitrator is biased or partial. *Holodnak v. Avco*, 381 F.Supp. 191 (D.Conn.1974), *aff'd on other grounds* 514 F.2d 285 (2d Cir. 1975); *cert. denied* 423 U.S. 892, 96 S.Ct. 188, 46 L.Ed.2d 123 (1975). *Commonwealth Coatings Corp. v. Continental Casualty Co.*, 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968). A second is where there has been a breach of the union's duty of fair representation. *Ruzicka v. General Motors Corp.*, 523 F.2d 306 (6th Cir. 1975). Decisions of a joint committee are to be reviewed under

the same standard as any other arbitrator. *General Drivers, Warehousemen and Helpers, Local Union No. 89 v. Riss and Company, Inc.*, 372 U.S. 517, 519, 83 S.Ct. 789, 791, 9 L.Ed.2d 918 (1963); *Morris v. Werner–Continental, Inc.*, 466 F.2d 1185 (6th Cir. 1972).

■ Applying this standard we find that defendant Yellow Freight has not shown conclusively that there exists no genuine issue as to any material fact as to the arbitrator's partiality and the union's duty of fair representation and examining the evidence in a light most favorable to plaintiff, we deny the motion for summary judgment of defendant Yellow Freight.

Accordingly, we intend to follow the procedure prescribed by the United States Court of Appeals for the Sixth Circuit in *Smith v. Union Carbide Corp.*, 350 F.2d 258, 261 (6th Cir. 1965) and *Ruzicka v. General Motors Corp., supra* at 306, 315, and remand plaintiff's case back to arbitration for a de novo review of his claims before a newly chosen joint committee with representation by a business agent of his choice.

## II.

### THE INTERNATIONAL UNION

■ The United States Court of Appeals for the Sixth Circuit in *Hines v. Local Union No. 377, Chauffeurs, Teamsters, Warehousemen & Helpers*, 506 F.2d 1153, 1157 (6th Cir. 1977) and in *Ruzicka v. General Motors Corp.*, 523 F.2d 309, held that the International Union is not liable for breach of the duty of fair representation in the absence of a showing that the local union had been acting for or at the direction of the international union when it allegedly failed to properly represent plaintiff. As in *Hines* and *Ruzicka* there has been no showing here that the local was acting for or at the direction of the International Union in presenting plaintiff's claim to the arbitration board. Accordingly, the International Union will be dismissed from this action.

### III.

### THE JOINT COMMITTEE

 As the Ohio Joint State Committee and the individual members thereof were performing a valid arbitral function, pursuant to the parties various agreements, it is not a proper party defendant. *DeVries v. Interstate Motor Freight System*, 78 L.C. ¶ 1, 333 (N.D.Ohio 1976), *aff'd* 620 F.2d 302 (6th Cir. 1980). A validly appointed arbitrator is clothed with immunity analogous to judicial immunity against actions brought by either of the parties arising out of the performance of his duties. *Cahn v. International Ladies Garment Union*, 311 F.2d 113 (3d Cir. 1962).

Accordingly, the motion to dismiss of defendant Ohio Joint State Committee is hereby GRANTED.

It is so ORDERED.