Michael J. NAPOLITAN, Plaintiff,

v.

CONSOLIDATED RAIL CORPORA-
TION and Joseph Foster,
Defendant.

No. C85–1891Y.

United States District Court,
N.D. Ohio, E.D.

Dec. 18, 1985.

---

Thomas L. Sartini, Ashtabula, Ohio, for plaintiff.

Cary Alan Metz, Philadelphia, Pa., Ronald J. James, Squire, Sanders & Dempsey, Cleveland, Ohio, for defendant.

## ORDER

BELL, District Judge.

On June 6, 1985, the plaintiff Michael J. Napolitan filed the above-entitled action in the Court of Common Pleas, Ashtabula County, Ohio against his former employer, the Consolidated Rail Corporation (hereinafter Conrail). Thereafter, on July 8, 1985, Conrail properly removed this action to this United States District Court. In the complaint, Mr. Napolitan asserts that Conrail wrongfully discharged him and that he had no further remedies available under his collective bargaining agreement with the company.

Presently before the court is Conrail's motion for summary judgment based upon a lack of subject matter jurisdiction in this court. Conrail contends that Mr. Napolitan's cause of action is within the exclusive jurisdiction of the arbitration tribunal created under the Railway Labor Act, 45 U.S.C. § 151 *et seq.* The plaintiff has not responded to this motion although he requested and was granted leave to respond by November 27, 1985.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that as a matter of law, it is entitled to summary judgment. In reviewing a motion for summary judgment, a court must consider the pleadings, related documents and evidence and all reasonable inferences in a manner most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Smith v. Hudson,* 600 F.2d 60 (6th Cir.1979); *cert. dismissed,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979); *Board of Ed. Cincinnati v. Department of H.E.W.,* 532 F.2d 1070 (6th Cir.1976). However, once a motion is made with supportive affidavits, the non-moving party may not rely upon his pleadings but must set forth facts showing there is a genuine issue for trial.

Mr. Napolitan began to work for Penn Central on November 6, 1973 as a trackman. On April 1, 1976, due to the Regional Rail Reorganization Act of 1973, 45 U.S.C. § 701 *et seq,* Conrail was created by Congress to acquire the assets of several bankrupt railroad companies, including Penn Central. As an employee of Penn Central, Mr. Napolitan thereafter became employed by Conrail.

Mr. Napolitan was a member of the Brotherhood of Maintenance of Way Employees, a labor organization as defined within the meaning of the Railway Labor Act. This union has a collective bargaining agreement with the defendant which covers Mr. Napolitan.

On June 7, 1984, the plaintiff was suspended pending an investigation of a report that Mr. Napolitan had been observed stealing gasoline from the defendant's pump. Thereafter, on June 25, 1984, a hearing was held pursuant to the provisions of the collective bargaining agreement. At this hearing, the plaintiff was represented by his union representative and was able to speak on his own behalf. Ultimately, the company determined that Mr. Napolitan had committed the offense and his employment was terminated.

This termination has been appealed by the plaintiff and his union to, first, the company, and thereafter to the arbitration tribunal, which is Public Law Board No. 3542. At the present time, the arbitration tribunal has not yet rendered a decision on the appropriateness of Mr. Napolitan's termination.

The Railway Labor Act provides the mechanism for the resolution of disputes between an employer and a railroad when those disputes arise out of the meaning or application of a collective bargaining agreement. If the employee and the railroad are unable to resolve the dispute, then pursuant to 45 U.S.C. § 153(first)(i) the dispute

must be submitted to arbitration. This statute provides as follows:

(i) The disputes between an employee or group of employees and a carrier or carriers growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions, including cases pending and unadjusted on June 21, 1934, shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred by petition of the parties or by either party to the appropriate division of the Adjustment Board with a full statement of the facts and all supporting data bearing upon the disputes.

This decision of the arbitration tribunal created by Railway Labor Act is a final and binding decision on the parties to the dispute pursuant to 45 U.S.C. § 153(first)(m) which follows:

(m) The awards of the several divisions of the Adjustment Board shall be stated in writing. A copy of the awards shall be furnished to the respective parties to the controversy, and the awards shall be final and binding upon both parties to the dispute. In case a dispute arises involving an interpretation of the award, the division of the Board upon request of either party shall interpret the award in the light of the dispute.

These statutes have been construed by the courts to require all minor disputes between the railroads and its employees to be resolved by compulsory and binding arbitration. *Union Pacific R. Co. v. Sheehan,* 439 U.S. 89, 99 S.Ct. 399, 58 L.Ed.2d 354 (1978); *Andrews v. Louisville & Nashville R. Co.,* 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972); *Brotherhood of Ry. Carmen of U.S. & Canada v. Norfolk & Western Ry.,* 745 F.2d 370 (6th Cir.1984). However, a major dispute between the railroad and its employees is not subject to compulsory and binding arbitration. The test to be applied to determining whether a dispute is a major or a minor dispute has been defined by this circuit to be the following:

The test for determining if a dispute involves only the interpretation of an existing agreement, and is therefore minor, or involves a unilateral change in working conditions, and is therefore major, inquires whether the disputed action can "arguably be justified by the existing agreement" or, in other words, whether the construction of the agreement which would sanction the action is "not obviously insubstantial."

*Brotherhood of Ry. Carmen of U.S. & Canada v. Norfolk & Western Ry., supra* 745 F.2d at 375, *quoting Local 1477 United Transportation Union v. Baker,* 482 F.2d 228, 230 (6th Cir.1973).

In this action the dispute between the employees and the railroad must be considered a minor dispute. Although the termination of the plaintiff's employment has to be considered a grave and serious action by both parties, the dispute itself does not impact upon the collective bargaining agreement. Instead, the dispute centers upon the factual dispute of whether Mr. Napolitan actually stole the railroad's gasoline. The discharge of an employee for a cause specifically provided for under the collective bargaining agreement does not constitute a major dispute. Thus, the dispute must be subject to compulsory and binding arbitration between the parties.

Accordingly, the defendant's motion for summary judgment is granted since the arbitration tribunal created under 45 U.S.C. § 153(first)(i) has exclusive subject matter jurisdiction over this matter.

IT IS SO ORDERED.