**Jose ARROYO, Plaintiff,**

v.

**CROWN AIR/DORADO WINGS; Air Line Pilots Association, International; Carroll W. Kelly; Angel L. Rodriguez; Dennis Villafañe; Adalberto Munet, and Fred Badillo, Defendants.**

**Civ. No. 86–1166 (JAF).**

United States District Court, D. Puerto Rico.

Oct. 2, 1987.

---

José E. Carreras Rovira, San Juan, P.R., for plaintiff.

Eric R. Ronda del Toro, Ledesma, Palou & Miranda, San Juan, P.R., for defendants.

## OPINION AND ORDER

FUSTE, District Judge.

This case is before us on motion to dismiss by defendants Crown Air/Dorado

Wings, Carroll W. Kelly, Dennis Villafañe, and Adalberto Munet.[1] The facts that form the basis of the complaint are as follows:

José Arroyo was hired as a pilot by Crown Air in August, 1983. On December 18, 1985, the airline's chief pilot notified him that his employment was being terminated permanently, effective that same date.

Pursuant to the provisions of the Railway Labor Act, as amended, 45 U.S.C. secs. 151–185, and the terms of the collective bargaining agreement, a System Board of Adjustment ("Board") was established with representatives from both the airline and codefendant Airline Pilots Association, International (ALPA). Arroyo submitted a grievance to the Board after Crown failed to reinstate him following their own investigation and a hearing on the matter.

The Board, made up of the individual codefendants, held a hearing on February 13, 1986. That same day it rendered a unanimous decision in favor of Crown Air, which was sustained at a rehearing.

Arroyo brought suit against his former employer, ALPA, and the individual members of the Board, alleging that they conspired to discharge him. He alleged that the real reason was that in August, 1985, he had notified Federal Aviation Administration (FAA) inspectors about irregularities in the flight log of one of Crown Air's planes. Arroyo claims that as a result of his whistle-blowing, the FAA eventually grounded nineteen of Crown Air's planes due to discrepancies in the planes' logbooks.

## I.

■ Disputes involving claims of wrongful discharge are "minor suits" within the

---

1. It appears from the record that defendant Fred Badillo has not been served with process. Service of process against Air Line Pilots Association, International was quashed. *See* Order of December 22, 1986, docket document No. 8. Plaintiff attempted to serve ALPA after the case was pretried. *See* Scheduling Order and Pretrial Order, docket documents 6 and 16, of October 8, 1986 and March 30, 1987, respectively. *See also* docket document No. 17. Plaintiff has failed to prosecute diligently against ALPA. Nothing transpired as to this defendant after April 23, 1987. Judgment dismissing the complaint as to defendant Angel L. Rodríguez was entered on December 29, 1986. *See* docket document No. 10. The movants are the remaining defendants.

provision of the Railway Labor Act, 45 U.S.C. sec. 153, which requires that minor disputes affecting air and rail carrier employees be finally settled by arbitral tribunal. *Ciaccio v. Eastern Air Lines, Inc.,* 354 F.Supp. 1272, 1274 (E.D.N.Y.1973). *See also Radin v. United States,* 699 F.2d 681 (4th Cir.1983); *Napolitan v. Consolidated Rail Corp.,* 623 F.Supp. 1192 (N.D. Ohio 1985).

▪ The range of judicial review in cases arising under 45 U.S.C. sec. 153 (First) (q) is among the narrowest known to the law, and findings and orders of an adjustment board are conclusive and subject to very limited review. *Henry v. Delta Air Lines,* 759 F.2d 870 (11th Cir.1985); *Airline Pilots Ass'n International v. Eastern Air Lines, Inc.,* 632 F.2d 1321 (5th Cir.1980).

▪ Review is limited to three specific grounds: (1) failure of the Board to comply with the requirements of the Act; (2) failure of the Board to conform, or confine itself to matters within the scope of its jurisdiction; and (3) fraud or corruption. *Union Pacific Railroad Co. v. Sheehan,* 439 U.S. 89, 93, 99 S.Ct. 399, 402, 58 L.Ed.2d 354 (1978).

▪ Some circuits have expanded slightly on this, acknowledging the propriety of judicial review where the Board denies the litigant due process and thus acts in an unconstitutional manner. *See e.g., Radin v. United States,* 699 F.2d 681 (4th Cir. 1983); *Brotherhood of Locomotive Engineers v. St. Louis Southwestern Ry. Co.,* 757 F.2d 656 (5th Cir.1985); *Del Casal v. Eastern Airlines, Inc.,* 634 F.2d 295 (5th Cir.1981); *Ellerd v. Southern Pacific R. Co.,* 241 F.2d 541 (7th Cir.1957).

In order to invoke jurisdiction of the district court to review the Board's action on this basis, the action must constitute sufficient denial of due process as to allow a collateral attack on its jurisdiction. *Clayton v. Missouri Pac. R. Co.,* 452 F.Supp. 107, 109 (M.D.La.1978), *aff'd,* 590 F.2d 332 (5th Cir.1979). That is, the court will review the award on a claim of due process only if the due process was denied *by some conduct of the Board. McDonald v. Penn*

*Central Transportation Co.,* 337 F.Supp. 803, 806 (D.Mass.1972). *See also D'Elia v. New York New Haven and Hartford Railway Co.,* 230 F.Supp. 912 (D.Conn.), *aff'd,* 338 F.2d 701 (2d Cir.1964).

## II.

With these precepts in mind, we address the allegations and evidence in the record:

Arroyo alleges that on December 18, 1985, he was notified that "[f]or reasons that we discussed in a conference in our office today," he was being "terminated permanently from employment," effective that same date. Plaintiff claims that his employer failed to give him written notice of the charges against him, as required by Section 18–(B)(1)(d) of the collective bargaining agreement.

> Prior to such investigation and hearing, such pilot will be notified in writing by the Company of the precise charge or charges against him. He will be given the necessary time, not exceeding ten (10) days, in which to secure the presence of witnesses and will have the right to be represented by an employee of the Company of his choice or by his duly accredited representative(s).

That no written notice of the type described above was given, has not been refuted by the defendants. The company held the hearing on January 13, 1986 and affirmed the dismissal.

Arroyo submitted a grievance to the Board, which held a hearing on February 13, 1986. The Board was composed of those individuals who are defendants herein. The same day, the Board rendered a unanimous decision in favor of Crown Air "concerning the procedural questioned [sic] in front of us." On April 7, 1986 the Board met again on this case, and issued another unanimous decision in favor of Crown Air, this time "concerning the decision of terminating Capt. José A. Arroyo."

The record before the Board contains the following, among other things:

   a) Termination notice mentioned above;

   b) Exhibit 1—Letter of 12/20/86 from Arroyo to Crown Air requesting the

investigation and hearing—written on Air Line Pilots Association (ALPA) stationery;

c) Exhibit 2—Denial of grievance after hearing, by Crown Air, dated 1/13/86;

d) Submission of the grievance by letter from President of ALPA to the Board.

The grievance submission indicates that the question at issue submitted to the Board was:

Whether the company's disciplinary action is justified.

The record also contains documentary evidence on this question in the form of twelve occurrence reports, suspension notices, reprimands, threats of termination and the like, covering incidents occurring in a period from December 1, 1983, only months after he was hired, through December 11, 1985, one week before he was discharged.[2] Several of the letters discuss more than one incident. Arroyo has not replied to the fact of this evidence or in any way refuted its contents.

■ Arroyo's suit is primarily directed at the company's failure to give him the written notice prior to the investigation and hearing as required by section 18–(B)(1)(c). Although at its February 13th hearing the Board reached a decision on a procedural matter, we must consider it to have been subsidiary to the stated grievance. Additionally, where the discharged airline employee's due process allegation was directed toward his employer, as in this case, and not toward any conduct of the Airline Adjustment Board, judicial review is foreclosed. *Hunt v. Northwest Airlines, Inc.,* 600 F.2d 176 (8th Cir.1979). Arroyo fails to allege any specific due process violation by the Board.

### III.

Plaintiff's remaining allegations are somewhat vague:

The actions of co-defendants constitute part of a conspiracy to terminate plaintiff from his employment because of his activities and his opposition to the prevailing working conditions.

■ From what we can deduce, the only actions raised in the complaint are the fact that the company discharged him, ALPA assisted him in processing the grievance, and the Board members found the dismissal justified. The allegations are purely conclusory in that no specific acts which could even remotely suggest a conspiracy have been described. Moreover, arbitrators are immune from civil liability for acts within their jurisdiction, arising out of their arbitral function in contractually agreed upon arbitration hearings. *Wasyl, Inc. v. First Boston Corp.,* 813 F.2d 1579, 1582 (9th Cir.1987); *Cahn v. Int'l Ladies Garment Union,* 311 F.2d 113, 114–15 (3rd Cir.1962); *Yates v. Yellow Freight System,* 501 F.Supp. 101, 105 (S.D.Ohio 1980).

For the above-stated reasons, defendants' motion to dismiss is GRANTED as to codefendants Crown Air/Dorado Wings, Carroll W. Kelly, Dennis Villafañe, and Adalberto Munet. The corresponding judgment will be entered. In addition, judgment will be entered dismissing the complaint against ALPA for failure to prosecute diligently. Fed.R.Civ.P. 41(b). Judgment will also issue dismissing the complaint as to Fred Badillo. *See* Fed.R.Civ.P. 4(j). The case now stands closed for all material purposes.

IT IS SO ORDERED.

2. Arroyo contends that "no documents dated December, 1985 nor January and February, 1986 were presented ... so it can be presumed that no incidents warranting a written document nor disciplinary action ocurred [sic] during the month of December 1985, nor during January and February 1986." This is frivolous as well as false, as evidenced by the occurrence report mentioned above. Once he was discharged. one would not expect further incidents to occur.